IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN LUCAS ENDERLE, a minor by his Parents and Next Friends JOHN & KAREN ENDERLE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: L 01 CV 2849 |
| GWYN HARRISON, M.D., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNOPPOSED MOTION TO AUTHORIZE AND DIRECT
SPECIFIC TRANSACTION WITHOUT APPOINTMENT OF GUARDIAN**

The Plaintiffs, Karen Enderle and John "Chris" Enderle, by and through their undersigned attorneys, request the Court to authorize and direct a specific transaction without appointment of a guardian, under § 13-204(a) of the Estates and Trusts Article, Maryland Annotated Code.

Specifically, Plaintiffs seek approval of the transfer of the proceeds of a recovery obtained in the above-captioned matter on behalf of their minor disabled son, John Lucas "Luke" Enderle, to an irrevocable special needs trust established solely to benefit Luke. In support of their Motion, Plaintiffs state as follows:

1. Plaintiffs are the mother and father of John "Luke" Enderle, a minor born in Allegany County, Maryland, on May 3, 1995. The family lives together in Bedford, Pennsylvania.

2. John "Luke" Enderle sustained serious injuries at birth and, as a result, is severely disabled, with cerebral palsy, mental retardation, hypoxic ischemic encephalopathy, seizure disorder, and permanent impairment of his cognitive, speech and language, social, and fine and gross motor skills. He has ongoing needs for medical, nursing, hospital, pharmaceutical, rehabilitative, and custodial services and care.

3. Plaintiffs, as parents and next friends of their son, Luke, instituted the above-captioned legal claim. That claim has been amicably resolved. The net settlement proceeds, which consist of cash and future cash payments under an annuity contract, constitute Luke's only property.

4. The proceeds of the net settlement referred to in Paragraph 3 constitute property of the minor "that requires management or protection" (Est. & Trusts Code Ann., § 13-201(a)), and throughout Luke's lifetime will continue to "require proper management" (Est. & Trusts Code Ann., § 13-201(b)) as a consequence of his disabilities.

5. Moreover, the net proceeds of the settlement referred to in Paragraph 3 will be insufficient to meet all of Luke's needs during his lifetime as a person with severe disabilities, and will make him ineligible for government benefits in the future unless the settlement proceeds are transferred to a special needs trust for Luke's sole benefit under 42 U.S.C., § 1396p(d)(4)(A).

6. Plaintiffs have established such an irrevocable special needs trust for Luke's sole benefit under 42 U.S.C., § 1396p(d)(4)(A). A copy of the proposed Trust is attached as Exhibit 1 to this Motion.

7. The special needs trust referred to in Paragraph 6, and attached hereto as Exhibit 1, will be subject to safeguards applicable to a guardianship estate. The trustees are the Plaintiffs, Karen Enderle, Chris Enderle, and Robert C. Lyons, CPA., 6701 Democracy Boulevard, Suite 600, Bethesda, Maryland 20817. Mr. Lyons is a professional who is unrelated to the Enderles.

8. Under the terms of the Trust, the trustees must file annual accountings with a court of competent jurisdiction in Pennsylvania, where the family resides, as required in Rule 10-706 of the Maryland Rules. (See Est. & Trusts Code Ann., § 13-209; Md. Rule 10-706(b) and Exhibit 1 at ¶6.07.)

9. No expenditures or changes in investments may be made by the trustees without the concurrence of the independent trustee, Robert C. Lyons, CPA. (See Exhibit 1 at, ¶5.08.)

10. Under the Trust, the independent trustee will have sole access to the investment assets of the trust. (See Exhibit 1 at ¶6.08.)

11. Further, under the terms of the Trust, the independent trustee must obtain a bond unless a court of competent jurisdiction orders otherwise. (See Est. & Trust Code Ann., § 13-208 and Exhibit 1 at ¶ 6.05)

12. During the lifetime of John Lucas Enderle, the trustees may spend trust funds only for the benefit of Luke. (See Est. & Trusts Code Ann., § 13-214(b)(2) and Exhibit 1 at Article III.)

13. As required for a qualified special needs trust under Federal law, upon Luke's death, the Commonwealth of Pennsylvania must be repaid for any Medical

Assistance benefits provided to Luke during his lifetime, to the extent of any funds remaining in the trust. (See 42 U.S.C., § 1396p(d)(4)(A) and Exhibit 1 at Article IV.)

14. For the reasons alleged in Paragraphs 4 through 13, it is in the "best interest" of John "Luke" Enderle for the Court to assume jurisdiction of the net settlement proceeds, and for the proceeds to be transferred to the special needs trust referred to in Paragraphs 4 through 12.

15. No guardian or conservator has been appointed for Luke Enderle in any other proceeding, and no guardianship or conservatorship proceeding relating to Luke has previously been filed in any other court.

16. A "basis exists as described in [Est. & Trusts Code Ann., § 13-201] for assuming jurisdiction over the property" of Luke Enderle [Est. & Trusts Code Ann., § 13-204(a)], and it is in his "best interest" for the Court to do so (Est. & Trusts Code Ann., § 13-403(c)), for reasons alleged in Paragraphs 4-12 of this Motion.

17. The Court, therefore, has jurisdiction to grant the requested relief under Est. & Trusts Code Ann., § 13-204(a).

18. Defendants have authorized Plaintiffs to represent to the Court that they are asserting no position on this Motion.

WHEREFORE, Plaintiffs respectfully request:

That Plaintiffs and their attorneys be authorized and directed to transfer the net proceeds of the litigation settlement referred to in this Motion to Robert C. Lyons, CPA, Karen Enderle, and Chris Enderle, as Trustees of the John Lucas Enderle Special Needs Trust, attached to the Motion; and,

-4-

That the annuity company obligated to make periodic cash payments on behalf of Luke be authorized and directed to make such payments to Robert C. Lyons, CPA, Karen Enderle, and Chris Enderle, as Trustees of the John Lucas Enderle Special Needs Trust and,

For such other and further relief as the Court may deem just and proper.

/s/
Michael C. Rosendorf

JANET, WILLOUGHBY & GERSHON,
GETZ & JENNER, LLC
Woodholme Center - Suite 320
1829 Reisterstown Road
Baltimore, Maryland 21208

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2003, the foregoing Unopposed Motion to Authorize and Direct Specific Transaction Without Appointment of Guardian was mailed first-class, postage pre-paid to:

Conrad W. Varner, Esquire
Varner & Goundry, P.C.
31 West Patrick Street, Suite 100
Frederick, Maryland 21701
    *Attorneys for Defendant Gwyn Harrison, M.D.*

Gertrude Bartel, Esquire
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
    *Attorneys for Defendant Sacred Heart Hospital*

                                          /s/
                                 Michael C. Rosendorf

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN LUCAS ENDERLE, a minor by his Parents and Next Friends JOHN & KAREN ENDERLE, *et al.* | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: L 01 CV 2849 |
| GWYN HARRISON, M.D., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

This matter having come before the Court on Plaintiffs' Unopposed Motion to Authorize and Direct Specific Transaction Without Appointment of Guardian, and this Court having determined that the minor owns or is entitled to property in the form of settlement proceeds that requires management and protection and that it is in the minor's best interest to authorize and direct transfer of the settlement proceeds to a special needs trust, and other good cause appearing, it is this _____ day of _____, 2003, hereby

ORDERED, that said Motion is GRANTED; and it is

FURTHER ORDERED, that Plaintiffs and their counsel are authorized and directed to transfer the net settlement proceeds referred to in the Motion to the Trustees of the John Lucas Enderle Special Needs Trust; and it is

FURTHER ORDERED, that any future periodic payments arising from the resolution of the birth injury medical malpractice claim of John "Luke" Enderle be made payable to the Trustees of the John Lucas Enderle Special Needs Trust.

_____
BENSON E. LEGG, JUDGE
UNITED STATES DISTRICT COURT

cc: Michael C. Rosendorf, Esquire
Janet, Willoughby, Gershon,
 Getz & Jenner, LLC
Woodholme Center - Suite 320
1829 Reisterstown Road
Baltimore, Maryland 21208
 *Counsel for Plaintiffs*


Conrad W. Varner, Esquire
Varner & Goundry, P.C.
31 West Patrick Street, Suite 100
Frederick, Maryland 21701
 *Attorneys for Defendant Gwyn Harrison, M.D.*

Gertrude Bartel, Esquire
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202
 *Attorneys for Defendant Sacred Heart Hospital*


Robert C. Lyons, CPA
6701 Democracy Boulevard, Suite 600
Bethesda, Maryland 20817
 *Co-Trustee of the John "Luke" Enderle*
 *Irrevocable Special Needs Trust*